UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN BINDER | CIVIL ACTION |
| VERSUS | NO:     15-0097 |
| SHELL OIL COMPANY, ET AL. | SECTION: "H" (4) |

## ORDER

Before the Court is a **Rule 12(e) Motion for More Definite Statement (R. Doc. 8)**, filed by the Defendants, Shell Oil Company and Shell Chemical LP (collectively "Shell"), seeking a court order compelling the Plaintiff, John Binder, to amend his original complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(e). The motion is opposed, *see* R. Doc. 9, and was heard on the briefs.

### I.     Factual Summary

The Plaintiff filed this action against Shell claiming that he developed non-Hodgkin lymphoma ("NHL") after being exposed to benzene, gasoline, toluene, xylene, crude oil, and diesel while cleaning tanks at Shell from 1982-1986. *See* R. Doc. 1, at 2. Plaintiff alleges that he worked as a contract tank cleaner for Rollins Environmental, Inc. ("Rollins") and performed turnarounds and worked on new construction jobs at the Shell facilities. *Id.* at 3. Plaintiff alleges negligence, strict product liability, and liability under former Article 2317 of the Louisiana Civil Code. *Id.* at 6-10.

### II.    Standard of Review

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so expressly vague, ambiguous [or unintelligible] that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Although Rule 12(e) motions are available as a remedy, motions for more definite

statements are generally disfavored because "of the liberal pleading standard set forth in Rule 8." *Cousin v. Small*, No. 00-0069, 2000 WL 1100384, at *1 (E.D. La. Aug. 4, 2000). Rule 8 simply calls for a "short and plain statement of the claim" to give the defendant fair notice of the claim and the grounds upon which it rests. D*ubuque Barge & Fleeting Serv., Inc., v. Plaquemines Parish Gov.*, No. 10-0516, 2010 WL 1710372 at *2 (E.D. La. April 23, 2010) (citing *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul 10, 2006)); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999) (reasoning that Rule 8 only requires a short and plain statement sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist).

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Dubuque*, 2010 WL 1710372 at *2; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006). Therefore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery. *Id*. Importantly, a party may not use a Rule 12(e) motion as a substitute to discovery. *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10-1333 c/w 10-2296, 2012 WL 2087438 (E.D. La. June 8, 2012); *see also Gibson v. Deep Delta Contractors, Inc*., No. 97-3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000).

### III.   Analysis

Shell argues that the Plaintiff should be required to amend his complaint because he does not identify the location of the Shell "facilities" where he allegedly sustained benzene exposure. *See* R. Doc. 8, at 1. Shell argues that it cannot make an assessment of proper venue due to the

absence of the location where the alleged injury occurred and cannot properly respond to the complaint. *Id.* Shell contends that it cannot discern from the Plaintiff's complaint the actual states where the "facilities" were located and is left to guess which of its facilities Plaintiff allegedly visited. *See* R. Doc. 8-1, at 3, 4.

In opposition, the Plaintiff argues that he has plead sufficient facts to put Shell on notice under the liberal pleading standards set forth in Rule 8(a). *See* R. Doc. 9, at 2. Plaintiff contends that Shell Oil owns a refinery in Norco, LA and Shell Chemical owns a chemical facility in Norco, LA, and that these locations are the only locations in Louisiana that manufacture benzene, gasoline, toluene, xylene, crude oil, and diesel. *Id.* at 5. Plaintiff further argues that Shell recently was able to answer two other lawsuits with similar complaints that provided nearly identical information as to the location and identification of the type of work done at the Shell Norco facilities by contract workers also employed by Rollins. *Id.*

Plaintiff cites to *Boudreaux v. Shell Oil Co.*, No. CIV.A. 13-4762, 2014 WL 348545 (E.D. La. Jan. 31, 2014), factually similar case. In *Boudreaux*, the plaintiff alleged that Shell negligently exposed her late husband to unsafe levels of benzene which caused his death. 2014 WL 348545 at *1. This Court denied the defendant's Rule 12(e) motion and held that the information defendants wish the plaintiff to allege is an appropriate topic for discovery and not a motion for a more definite statement. *Id.* at *5. A close look at the complaint filed in *Boudreaux* and the complaint filed in this action, demonstrates that the complaints allege similar information and do not pointedly identify the exact location of the "facilities" where the plaintiffs were exposed to benzene.

Thus, the Court finds that despite the Plaintiff not specifically alleging the location of the facilities, such information is best sought through discovery. *See Larsen-Anstine v. Shell Oil Co.*,

No. 3:07-CV-290-M, 2007 WL 2079845, at *3 (N.D. Tex. July 19, 2007) (denying a Rule 12(e) motion for a more definite statement as to the specific diagnosis of the disease and the locations the decedent was exposed to the harmful chemicals on the grounds that it can be sought through discovery). Shell can easily propound an interrogatory or other discovery to obtain information on the location of the facilities, rather than compelling the Plaintiff to file a more definite statement.

Furthermore, Rule 12(e) motions are "disfavored when 'the particular information defendant is seeking is within defendant's own knowledge, which mitigates in favor of denying the motion.'" *Coleman v. H.C. Price Co.*, No. CIV.A. 11-2937, 2012 WL 1118775, at *6 (E.D. La. Apr. 3, 2012) (citations omitted) (quoting *Concepcion v. Bomar Holdings, Inc.,* No. 89 CIV. 1676, 1990 WL 13257, at *2 (S.D.N.Y. 1990)). Shell should have information in its possession to determine the location of Plaintiff's exposure. Plaintiff has now identified Norco, LA as the location for the facilities he worked from 1982-1986 and Shell can search its records to confirm Plaintiff's assertion that he worked at the Norco, LA facilities during that timeframe.

Based on the foregoing,

**IT IS ORDERED** that Shell Oil Company's and Shell Chemical LP's **Rule 12(e) Motion for More Definite Statement (R. Doc. 8)** is **DENIED**.

New Orleans, Louisiana, this 16th day of March 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

4